IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENYA Y. COOKE,

                Plaintiff,        Case No. 3:14 cv 876

-vs-

                                                 <u>MEMORANDUM   OPINION</u>

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

KATZ, J.

Plaintiff Kenya Y. Cooke applied for Disability Insurance Benefits ("DIB") and supplemental security income ("SSI") with the Social Security Administration. After exhausting her available administrative remedies, the Commissioner of Social Security subsequently denied her application for such benefits.

Ms. Cooke then sought judicial review of the Commissioner's decision. The case was referred to Magistrate Judge James R. Knepp II for findings of fact, conclusions of law, and recommendations. Magistrate Judge Knepp issued a Report recommending that the Court affirm the Commissioner's decision denying Mr. Cooke's application for benefits. This matter is now before the Court pursuant to Ms. Cooke's timely objections to the Magistrate Judge's Report.

The Court has jurisdiction over the Commissioner's final decision denying Ms. Cooke's request for benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 832 (6th Cir. 2006). In accordance with United States v. Curtis, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a *de novo* determination of the Magistrate Judge's report. For the reasons stated below, the Court adopts the excellent reasoned report and affirms the Commissioner's denial of benefits.

**I. Standard of Review**

This Court conducts a *de novo* review of those portions of the Magistrate Judge's report to which Ms. Cooke objects. 28 U.S.C. § 636(b)(1). In so doing, this Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g). This Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). The Court does not re-weigh the evidence, but must affirm the Commissioner's findings as long as there is substantial evidence to support those findings, even if this Court would have decided the matter differently, and even if there is substantial evidence supporting the claimant's position. See Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 854 (6th Cir. 2010) (citations and internal quotation marks omitted). The Commissioner's decision is not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. Id. at 854–55.

**II. Procedural Background**

As stated in the R & R:

Plaintiff filed for SSI benefits on March 26, 2008 (Tr. 368-70) and DIB benefits on April 19, 2011 (Tr. 395-408). These claims were denied initially (Tr. 232, 237) and on reconsideration (Tr. 247). Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (Tr. 182-84). On April 29, 2010, a video conference hearing was held before an ALJ, after which Plaintiff was found not disabled. (Tr. 98-111). On June 14, 2012, the Appeals Council remanded the decision to the ALJ. (Tr. 149-53). The Appeals Council noted the ALJ found Plaintiff had severe asthma but the residual functional capacity ("RFC") did not

2

> include limitations accommodating asthma. (Tr. 151). Additionally, despite finding significant non-exertional limitations, the ALJ did not call a vocational expert to clarify the effect of the assessed limitations on the Plaintiff's occupational base and the ALJ did not include decisional language clarifying which portions of a prior ALJ decision dated January 25, 2008, remained binding. (Tr. 151-52).
> On November 29, 2012, Plaintiff (represented by counsel) and a vocational expert (VE) testified at the hearing, after which the ALJ found Plaintiff not disabled. (Tr. 20-54, 55-92). On the day of the hearing, Plaintiff amended her alleged disability onset date from January 1, 1999 to March 19, 2008. (Tr. 420). On May 24, 2013, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-6); 20 C.F.R. §§ 404.955, 404.981, 416.1455, 416.1481. On April 23, 2014, Plaintiff filed the instant case. (Doc. 1).

R & R pp. 1-2

### III. Factual Background

Plaintiff has not objected to the Magistrate Judge's factual summary of the case as set forth on pages 2 - 8 of the Report. Therefore, the Court adopts the Magistrate Judge's summary of the facts.

> Born March 9, 1976, Plaintiff was 36 years old at the time of her most recent hearing before an ALJ. (Tr. 405). Plaintiff completed the 11th grade and had no past relevant work experience. (Tr. 43, 62).
> In terms of daily activities, Plaintiff reported watching TV and said she would sit around during the day. (Tr. 73-74, 448). She said she cared for her son by loving him and feeding him. (Tr. 448). She could put clothes on but would put them on backwards; bathed once a week or less; and could feed herself but would spill food on the floor. (Tr. 449). She said she cooked less than before and shopped for food once a month. (Tr. 449-50).
> Plaintiff reported not being able to go out alone because she was afraid of people and not being able to drive because she would forget where she was. (Tr. 450). However, she indicated she spent time with others and would have friends and family call to remind her to take her medication. (Tr. 449-50). She reported needing instructions repeated several times and said she did not talk to authority figures. (Tr. 452).

R & R pp 2-3.

### IV. Standard for Disability

Eligibility for DIB and SSI is predicated on the existence of a disability. 42 U.S.C. §§ 423(a); 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months" 20 C.F.R. § 416.905(a); see also 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five-step evaluation process - found at 20 C.F.R. §§ 404.1520 and 416.920 - to determine if a claimant is disabled:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5. Can claimant do any other work considering her residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters,* 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.* The court considers the claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Id.* Only if a claimant satisfies each element of the analysis, including inability to do other work, and meets the duration requirements, is she determined to be disabled. 20 C.F.R. §§ 404.1520(b)-(f) & 416.920(b)-(f); see also *Walters*, 127 F.3d at 529.

R&R pp. 9-10.

**V. Discussion**

4

Plaintiff's objection to the R & R included: 1) The ALJ failed to provide good reasons for weight given to Dr. Eilbeck; 2) The ALJ erred in her analysis of treating counselor opinion; 3) The ALJ erred in her analysis of non-examining physicians.

These are the same or similar objections which were considered by the Magistrate Judge in arriving at his conclusions in the R & R. The Court has reviewed the background involved in each area as to which Plaintiff has objected with respect to the R & R and the decision of the ALJ and finds that there is absolutely no reason to disturb the conclusions reached by the Magistrate Judge in his R & R. At this juncture merely reiterating the discussion and conclusions contained in the R & R would be duplicative of the efforts of the Magistrate Judge. Suffice to say that the Court has reviewed each of the three objections to the R & R and finds them not to be well taken.

**VI. Conclusion**

Accordingly, the Court finds that the Magistrate Judge's Report and Recommendation approriately addressed all of the issues involved in this appeal and is, therefore, adopted by this Court. The Commissioner's denial of Plaintiff's application for Disability Insurance Benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

                                                                     s/ *David A. Katz*
                                                                     DAVID A. KATZ
                                                                     U. S. DISTRICT JUDGE